

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff | § § § | |
| v. | § | CRIMINAL NO. H-15-210 S |
| ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and SYED RIZWAN MOHIUDDIN, Defendants | § § § § § § § § | Count 1 Conspiracy (18 U.S.C. § 371) Count 2 Wire Fraud (18 U.S.C. §1343) Counts 3 & 4 Monetary Transactions in Criminally Derived Property (18 U.S.C §1957) Count 5 Bank Fraud (18 U.S.C. §1344) Notices of Criminal Forfeiture |

### Filed Under Seal

### SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES:**

### Count One
(Conspiracy, 18 U.S.C. § 371)

**A.   INTRODUCTION**

At all times material herein:

1. Deyaar Development Corporation was a Texas corporation with its principal place of business in Houston, Texas. In approximately December 2007, Deyaar Development Corporation purchased approximately 6 acres of land located at 5000 Richmond Avenue in Houston, Texas (Property).

2. Antar and Company (Antar) was a Texas general partnership.

3. Defendant ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, filed an assumed name certificate with the County Clerk of Harris County, Texas, to do business in the name of Deyaar

Development Company.

4. Defendant **Syed Rizwan Mohiuddin** held himself out as the local representative or "point man" for Deyaar Development Corporation.

## B. THE CONSPIRACY

5. Beginning in or about February 2010, and continuing through on or about April 29, 2010, in the Houston Division of the Southern District of Texas, and elsewhere

████████████████████████<br>
**And**<br>
**SYEDRIZWAN MOHIUDDIN**

defendants herein, did knowingly combine, conspire, confederate and agree with one another to commit the following offenses against the United States:

    a.    To knowingly devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, and to knowingly transmit and cause to be transmitted certain signs, signals and radio for the purpose of executing the scheme and artifice to defraud, in violation of 18 U.S.C. § 1343;

    b.    To knowingly engage or attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000, which was derived from a specified unlawful activity, in violation of 18 U.S.C. §

1957.

## C. THE MANNER AND MEANS OF THE CONSPIRACY

1. It was a part of the conspiracy that defendants ▇ and MOHIUDDIN would and did represent and caused to be represented that defendant ▇ was an authorized agent of Deyaar Development Corporation.

2. It was a part of the conspiracy that defendant ▇ and MOHIUDDIN would and did attempt to obtain from private lenders a loan to be secured by the Property.

3. It was a part of the conspiracy that defendant ▇ and MOHIUDDIN would and did cause fraudulent documentation to be submitted to private lenders, including Antar.

4. It was a part of the conspiracy that defendant ▇ and MOHIUDDIN would and did represent and cause to be represented at a closing of a loan in the amount of $8 million from Antar to Deyaar Development Corporation that defendant ▇ was authorized to act on behalf of Deyaar Development Corporation.

5. It was a part of the conspiracy that defendant ▇ and MOHIUDDIN would and did execute and cause to be executed loan documents from Antar for an $8 million loan to Deyaar Development Corporation, secured by a lien on the Property.

3

6. It was a part of the conspiracy that defendant ▌ and MOHIUDDIN would and did cause Antar to fund the loan by wire transferring $8 million into the bank account of the title company closing the loan.

7. It was a part of the conspiracy that the defendant ▌ and MOHIUDDIN would and did cause the proceeds from the Antar loan to be deposited by wire transfer into a bank account controlled by defendant ▌.

8. It was a part of the conspiracy that the defendant ▌ and MOHIUDDIN would and did use the proceeds from the Antar loan for their own use and benefit.

## D. OVERT ACTS

The following overt acts were committed in the execution of the conspiracy in the Houston Division of the Southern District of Texas and elsewhere.

(1) On or about February 23, 2010, defendant ▌ and MOHIUDDIN caused another to seek a loan from IICB, LP to be secured with a lien on the Property.

(2) In or about April 2010, defendant ▌ and MOHIUDDIN caused others on their behalf to approach Antar about a loan.

(3) On or about April 7, 2010, defendant ▌ filed a certificate to operate under the assumed name of Deyaar Development Company with the County Clerk of Harris County, Texas.

(4) On or about April 10, 2010, defendant ▮▮▮ opened a bank account at Wachovia Bank in the name of ▮▮▮ dba Deyaar Development Company.

(5) On or about April 28, 2010, defendant ▮▮▮ fraudulently executed documents for a loan in the amount of $8,000,000 from Antar to Deyaar Development Corporation, to be secured by a lien on the Property.

(6) On or about April 29, 2010, defendant ▮▮▮ and MOHIUDDIN caused Antar to wire transfer $8 million into the bank account of Charter Title Company to fund the loan to Deyaar Development Corporation.

(7) On or about April 29, 2010, defendant ▮▮▮ and MOHIUDDIN caused Charter Title Company to wire transfer $6,949,628.46 into the account of ▮▮▮ dba Deyaar Development Company at Wachovia Bank.

(8) On or about April 29, 2010, defendant ▮▮▮ and MOHIUDDIN withdrew and caused to be withdrawn $6,850,128.46 from the account of Deyaar Development Company at Wachovia Bank.

(9) On or about April 29, 2010, defendant ▮▮▮ and MOHIUDDIN deposited and caused to be deposited $6,850,128.46 into the account of Imagine Hospitality at Wachovia Bank.

In violation of Title 18, United States Code, Section 371.

## COUNT TWO
(Wire Fraud, 18 U.S.C. § 1343)

A. **INTRODUCTION**

1. The grand jury realleges the allegations in paragraphs 1 through 4 of Count One as if fully set out at length herein.

B. **SCHEME AND ARTIFICE**

2. Beginning in or about February 2010 and continuing through in or about April 29, 2010, in the Houston Division of the Southern District of Texas, and elsewhere

███████████████
And
**SYED RIZWAS MOHIUDDIN**

defendants herein, did knowingly execute and attempt to execute a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations and promises including the concealment of material facts.

C. **THE MANNER AND MEANS**

3. The manner and means of the scheme and artifice included, but were not limited to the following:

4. It was part of the scheme and artifice that the defendant ███████ and MOHIUDDIN fraudulently represented that ███████ was authorized to act on behalf of Deyaar Development Corporation.

5. It was part of the scheme and artifice that the defendant ███████ and

6

MOHIUDDIN would and did fraudulently negotiate on behalf of Deyaar Development Corporation for a loan from Antar, to be secured by lien on the property at 5000 Richmond Avenue, Houston, Texas.

6. It was part of the scheme and artifice that the defendant ▮▮▮ would and did file and caused to be filed a certificate to operate under the assumed name of Deyaar Development Company with the County Clerk of Harris County, Texas.

7. It was part of the scheme and artifice that the defendant ▮▮▮ opened a bank account in the name of ▮▮▮ dba Deyaar Development Company.

8. It was part of the scheme and artifice that defendant ▮▮▮ would and did fraudulently execute loan documents on behalf of Deyaar Development Corporation for a loan from Antar.

9. It was part of the scheme and artifice that defendants ▮▮▮ and MOHIUDDIN would and did conceal from Antar the fact that ▮▮▮ was not authorized to act on behalf of Deyaar Development Corporation.

10. It was a part of the scheme and artifice to defraud that defendants ▮▮▮ and MOHIUDDIN would and did cause Charter Title Company to wire transfer the money from the loan fraudulently obtained from Antar to defendant ▮▮▮'S bank account at Wachovia Bank.

7

11. It was a part of the scheme and artifice to defraud that defendants ▇▇▇▇ and MOHIUDDIN would and did use the money from the loan fraudulently obtained from Antar for their own use and benefit.

**D.  EXECUTION**

12. On or about April 29, 2010, in the Houston Division of the Southern District of Texas, and elsewhere,

**▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
and
SYED RIZWAN MOHIUDDIN**

Defendants herein, for the purposes of executing the aforesaid scheme and artifice to defraud and intending to do so, and for obtaining money by means of materially false and fraudulent pretenses, representations and promises, including the concealment of material facts, did knowingly transmit and cause to be transmitted by means of wire, radio and television communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, namely the wire transfer of $6,949,628.46 from the bank account of Charter Title Company at Amegy Bank to the bank account of ▇▇▇▇▇▇▇ dba Deyaar Development Company at Wachovia Bank.

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THREE
(Engaging in Monetary Transactions Derived from Specified Unlawful Activity, 18 U.S.C. 1957)

1.  The Grand Jury realleges and incorporates by reference, as though set forth in full herein, the allegations set forth in Sections A and C of Counts One and Two of this Indictment.

2.  On or about April 29, 2010, in the Houston Division of the Southern District of Texas,

████████████████████████████████
**and**
**SYED RIZWAS MOHIUDDIN**

defendants herein, did knowingly engage in, and attempt to engage in, a monetary transaction in criminally derived property of a value greater than $10,000, affecting interstate commerce, that is, the withdrawal of $6,850,128.46 from the account of ████████████ dba Deyaar Development Company at Wachovia Bank in Houston, Texas, a financial institution engaged in interstate commerce, such funds having been derived from specified unlawful activity, that is wire fraud, in violation of Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Sections 1957 and 2.

## COUNT FOUR
(Engaging in Monetary Transactions Derived from Specified Unlawful Activity, 18 U.S.C. 1957)

1. The Grand Jury realleges and incorporates by reference, as though set forth in full herein, the allegations set forth in Sections A and C of Counts One and Two of this Indictment.

2. On or about April 29, 2010, in the Houston Division of the Southern District of Texas,

**█████████████████████████**
**and**
**SYED RIZWAN MOHIUDDIN**

defendants herein, did knowingly engage in, and attempt to engage in, a monetary transaction in criminally derived property of a value greater than $10,000, affecting interstate commerce, that is, the deposit of $6,850,128.46 into the account of Imagine Hospitality at Wachovia Bank in Houston, Texas, a financial institution engaged in interstate commerce, such funds having been derived from specified unlawful activity, that is wire fraud, in violation of Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Sections 1957 and 2.

## COUNT FIVE
(Bank Fraud, 18 U.S.C. § 1344)

A. **INTRODUCTION**

1. The Federal Deposit Insurance Corporation (FDIC) was an agency of the United States established to regulate banks and protect depositors by insuring accounts of bank depositors against loss up to $250,000 with the purpose of preventing their collapse and instilling public confidence in the nation's banks. The FDIC was backed by the United States government.

2. Sterling Bank ("Sterling") was a financial institution in Houston, Texas, the deposits of which were insured by the FDIC.

3. Imagine Hospitality Inc. ("Imagine") was a company formed and owned by defendant **Syed Rizwan Mohiuddin**.

4. Sydenham Management Company was a company in Houston, Texas, which defendant **Syed Rizwan Mohiuddin** controlled.

5. American National Title Company ("ANT") was a title company in Houston, Texas, which was controlled by defendant **Syed Rizwan Mohiuddin**.

B. **SCHEME AND ARTIFICE**

1. Beginning in or about May 2008 and continuing through in or about August 2008, in the Houston Division of the Southern District of Texas, and elsewhere

**SYED RIZWAN MOHIUDDIN**

11

defendant herein, did knowingly execute and attempt to execute a scheme and artifice to defraud Sterling Bank, and to obtain money, funds and credit owned by and under the custody and control of Sterling Bank by means of materially false and fraudulent pretenses, representations and promises including the concealment of material facts.

## C. THE MANNER AND MEANS

The manner and means of the scheme and artifice included, but were not limited to the following:

1. It was part of the scheme and artifice that the defendant would and did apply for a loan from Sterling Bank to refinance property owned by Imagine at 16510 I-45 North, in Houston, Texas, agreeing to provide Sterling Bank a first lien on that property.

2. It was part of the scheme and artifice that the defendant would and did deliver and cause to be delivered to Sterling Bank documents, which fraudulently listed the amount of the liens which needed to be paid off from Sterling Bank loan to Imagine.

3. It was a part of the scheme and artifice that the defendant would and did cause the closing for the loan from Sterling Bank to be held at ANT.

4. It was part of the scheme and artifice that the defendant would and did execute closing documents at ANT purporting to give Sterling Bank a first lien in

the property at 16510 I-45 North in Houston, Texas.

5. It was part of the scheme and artifice that the defendant would and did cause Sterling Bank to fund the loan to Imagine.

6. It was part of the scheme and artifice that the defendant would and did cause ANT to divert money from the Sterling Bank loan to Imagine for his personal use and benefit by wire transferring over $1.6 million to Sydenham Management Company.

7. It was a part of the scheme and artifice that the defendant would and did cause a fraudulent title policy from Southern Title Company to be issued and delivered to Sterling Bank, representing that Sterling Bank had the first lien on the property at 16510 I-45 North in Houston, Texas, when in truth and in fact as the defendant well knew Sterling Bank did not have the first lien on that property.

### D. **EXECUTION**

1. On or about July 18, 2008, in the Houston Division of the Southern District of Texas, and elsewhere, the defendant executed and attempted to execute the aforesaid scheme and artifice to defraud, by causing Sterling Bank to fund the loan to Imagine by wire transferring $4,959,045.00, to the bank account of ANT at Amegy Bank in Houston, Texas.

## NOTICE OF CRIMINAL FORFEITURE
(Title 18, U.S.C. § 982(a)(2)(A))

Pursuant to Title 18, United States Code, Section 982(a)(2)(A), the United States gives notice that the defendants

███████████████████████████

**And
SYED RIZWAN MOHIUDDIN**

shall forfeit to the United States of America, all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of the violations charged in Counts One and Two of the Indictment (relating to Title 18, United States Code, Section 1343, wire fraud). The property subject to forfeiture, includes, but is not limited to, the following property:

Approximately $6,949,628.46 in United States Dollars.

## NOTICE OF CRIMINAL FORFEITURE
(18 U.S.C. § 982(a)(1))

Pursuant to Title 18, United States Code, Section 982(a)(1), as a result of the commission of the violations charged in Counts One, Three and Four (relating to Title 18, United States Code, Section 1957, engaging in monetary transactions derived from specified unlawful activity), notice is given that the defendant

███████████████████████████

shall forfeit to the United States of America all property, real and personal, involved

in such violation and all property traceable to such property. The property subject to forfeiture, includes, but is not limited to, the following property:

Approximately $6,949,628.46 in United States Dollars.

## NOTICE OF CRIMINAL FORFEITURE
(18 U.S.C. § 982(a)(2))

Pursuant to Title 18, United States Code, Section 982(a)(2), as a result of the commission of the violation charged in Count Five (relating to Title 18, United States Code, Section 1344, bank fraud), notice is given that the defendant

**SYED RIZWAN MOHIUDDIN**

shall forfeit to the United States of America all property constituting or derived from proceeds obtained, directly or indirectly, as the result of such offense. The property subject to forfeiture, includes, but is not limited to, the following property:

Approximately $4,959,045.00 in United States Dollars.

## MONEY JUDGMENT AND SUBSTITUTE ASSETS

Defendants are notified that upon conviction, a money judgment may be imposed against each of them. In the event that a condition listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to forfeit any other property of the defendants in substitution up to the amount of each defendant's

money judgment.

A True Bill:

_Original Signature on File_
Foreperson of the Grand Jury

RYAN K. PATRICK
United States Attorney

By: _John R. Braddock_
John R. Braddock
Assistant United States Attorney

USA-74-24B
(Rev. 05/01)

# CRIMINAL DOCKET
## SEALED

No. H-15-210 S

**HOUSTON DIVISION**

USAO Number: 2011R11946

Magistrate Number:

SUPERSEDING INDICTMENT    Filed 7/11/2018    Judge: ELLISON

UNITED STATES of AMERICA
vs.

ATTORNEYS:
RYAN K. PATRICK, USA    (713) 567-9000
JOHN R. BRADDOCK, AUSA    (713) 567-9728

|  | Appt'd | Private |
|---|---|---|
| ▮▮▮▮▮▮▮▮▮▮▮ [Cts. 1-4] | ☐ | ☐ |
| SYED RIZWAN MOHIUDDIN [Cts. 1-5] | ☐ | ☐ |
|  | ☐ | ☐ |
|  | ☐ | ☐ |
|  | ☐ | ☐ |

CHARGE:
(TOTAL)
(COUNTS:)
( 5 )

Ct. 1:    Conspiracy [18 USC § 371]
Ct. 2:    Wire Fraud [18 USC § 1343]
Cts. 3-4: Engaging in Monetary Transactions Derived from Specified Unlawful Activity [18 USC 1957]
Ct. 5:    Bank Fraud [18 USC § 1344]

PENALTY:
Ct. 1:    Up to 5 years imprisonment, $250,000 fine, 3 years supervised release, and $100 special assessment.
Ct. 2:    Up to 20 years imprisonment, $250,000 fine, 5 years supervised release, and $100 special assessment.
Cts. 3-4: Up to 10 years imprisonment, $250,000 fine, 3 years supervised release, and $100 special assessment, per count.
Ct. 5:    Up to 30 years in imprisonment, $1,000,000 fine, 5 years supervised release and $100 special assessment.

NOTICE OF CRIMINAL FORFEITURE [18 USC § 982 (a)(2)(A)]
NOTICE OF CRIMINAL FORFEITURE [18 USC § 982 (a)(1)]
NOTICE OF CRIMINAL FORFEITURE [18 USC § 982 (a)(2)]

☐ In Jail
☐ On Bond
☐ No Arrest

NAME & ADDRESS
of Surety:

PROCEEDINGS: